UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cr-00159-TWP-MJD |
| | ) | |
| BOBBY HILL, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER
ON DEFENDANT'S MOTION TO DETERMINE COMPETENCY**

This matter is before the Court on Defendant's Motion to Determine Mental Competency Pursuant to 18 U.S.C.§4241. (Dkt. 18). On May 20, 2025, Defendant Bobby Hill ("Mr. Hill") was indicted by a federal grand jury on Count 1: Possession of a Firearm by a Convicted Felon (Dkt. 1). On August 14, 2025, a request was made by counsel for Mr. Hill that the Court order a competency evaluation pursuant to 18 U.S.C.§4241(a)(b) and, thereafter, conduct a hearing pursuant to 18 U.S.C. §4241(c). (Dkt. 18). The Court promptly granted the Motion, and Mr. Hill was committed to the custody of the U. S. Attorney General or to a suitable facility for examination pursuant to 18 U.S.C. §§4241 and 4247. (Dkt. 19). On December 12, 2025, the Court received a Forensic Psychological Report relating to the examination, which is filed under seal. (Dkt. 25). A hearing on the issue of Defendant's competency was held on January 13, 2026. The Court now issues its findings of fact, conclusions of law, and order that Mr. Hill is presently not competent to proceed.

**I.   FINDINGS OF FACT**

Mr. Hill is a 38-year-old man referred to the Federal Medical Center, Lexington ("FMC Lexington") under the provisions of Title 18 U.S.C §4241. He arrived at FCM Lexington on

1

October 28, 2025 for his evaluation period which ended on November 26, 2025. In a report dated December 1, 2025, Forensic Psychologist Lashawn Freeman, Psyd.D ("Dr. Freeman") opined that Mr. Hill is not presently competent to stand trial and assist his attorney in his defense. (Dkt. 25). Dr. Freeman's opinion is based on the following.

Mr. Hill participated in approximately three hours of interviews and medical, correctional, and mental health staff observed his behavior throughout his evaluation period. *Id*. at 1. Shortly after his arrival, Mr. Hill was reportedly making verbal threats toward another inmate and given concerns, he was moved to the Special Housing Unit, where he resided for the remainder of his evaluation period. *Id*.

Throughout evaluation sessions, Mr. Hill spoke excessively, providing lengthy responses to questions and filling in any period of silence. *Id*. at 2. His responses were often unrelated to the question or started relevant and then derailed into irrelevant material. Due to his symptom presentation, Mr. Hill was assessed as an unreliable historian. *Id*. at 3.

Mr. Hill has charges pending in state court, and he recently underwent three competency evaluations related to his state charges. Dr. Freeman considered the previous forensic evaluations which were conducted between August and October 2025.

- Kevin D. Hurley, Psy.D., ABPP, conducted an evaluation of Mr. Hill's competence to proceed, in a report dated 10/21/25, and he interviewed Mr. Hill on October 7, 2025 for approximately one hour. Dr. Hurley reported concerns with Mr. Hill's mental status presentation and noted that "his speech was mostly loud, rapid, and pressured. He talked in long monologues on religious and grandiose themes. He made statements that seemed to be consistent with religious delusions." (Dkt. 25 at 5). Due to conflicting data in the case, Dr. Hurley did not offer a definitive opinion. He indicated that there is evidence to speak to Mr. Hill's competence and incompetence; and referenced the possibility that Mr. Hill suffers from "authentic delusional disorder with primarily religious and grandiose delusional thought content" or alternatively, he is malingering his mental health condition. *Id*. at 5.

- Stephanie Callaway, Psy.D., ABPP, conducted an evaluation of Mr. Hill's competence to proceed, in a report dated 08/25/25. Dr. Callaway indicated that Mr. Hill presented as

      "actively psychotic." Dr. Callaway diagnosed Mr. Hill with delusional disorder and concluded that "Mr. Hill lacks an understanding of the nature and object of court proceedings and he lacks the ability to aid counsel in his defense." *Id*.

- George F. Parker, M.D., conducted an evaluation of Mr. Hill's competence to proceed, in a report dated 08/11/25, and he was noted to interview Mr. Hill for approximately one-hour. In regard to mental status, Dr. Parker assigned malingering along with alcohol use disorder, in remission in a controlled environment and cannabis use disorder, in remission in a controlled environment. Dr. Parker opined "with reasonable medical certainty, that Mr. Hill is currently capable of understanding the legal proceedings against him and is currently capable of assisting counsel in his defense." *Id*. at 6.

Consistent with previous evaluations, the possibility that Mr. Hill was malingering or exaggerating his symptoms was considered. Dr. Freeman considered records which indicated that Mr. Hill previously made statements about "playing crazy." *Id*. at 5. He also communicated his plans to feign or exaggerate his presentation. *Id*. Dr. Freeman noted, "[c]ontrary to this evidence, … there is a significant amount of information to speak to a genuine psychotic presentation." *Id*. Accordingly, on November 12, 2025, Dr. Freeman administered the Miller Forensic Assessment of Symptoms Test (M-FAST), designed to assess feigned or exaggerated psychiatric symptoms. The results were not indicative of Mr. Hill feigning or exaggerating mental health symptoms. *Id*. at 10. As such, a designation of malingering was not assigned. *Id*.

During the evaluation period, Mr. Hill presented with antisocial traits, consistent with collateral data from prior evaluations. *Id*. A personality disorder was therefore considered; however, due to Mr. Hill's current symptoms of psychosis, a personality disorder diagnosis was not assigned. Dr. Freeman opined that "it is possible that these traits are a manifestation of psychosis or a mood-related disorder." *Id*.

During the forensic assessment, Mr. Hill accurately defined guilty and not guilty; however, he was unable to describe the subsequent legal steps associated with each verdict, as his attention remained focused on delusional beliefs. (Dkt. 25 at 11). When asked questions related to court

3

personnel (e.g., defense attorney, prosecutor, and judge), Mr. Hill exhibited some understanding of the roles of individuals in the courtroom; however, he continued to incorporate delusional beliefs. *Id*. When asked how he is expected to act in court, Mr. Hill stated, "I'm running it. They don't let me speak. They don't have authority over me." *Id*. at 2.

Based on available information, Dr. Freeman provided a diagnosis of "Unspecified schizophrenia spectrum and other psychotic disorder" from the *American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition, Text Revision (DSM-5-TR)*. *Id*. at 9. Dr. Freeman provided the following forensic summary:

> Mr. Hill's current mental status, as assessed during this evaluation, prevents him from adequately participating in his court proceedings due to the presence of a mental disease, namely unspecified schizophrenia spectrum and other psychotic disorder. Throughout the evaluation period, Mr. Hill presented with active symptoms of psychosis, including delusions and disorganized speech and behavior. He has also exhibited mood-related symptoms, which could make it difficult for him to participate in legal proceedings. While records indicate there has been some variation in prior opinions regarding Mr. Hill's competency, there is data that highlights the consistency of his mental health presentation, as during the previous forensic evaluations, he was described as tangential, disorganized, and delusional. Notably, Mr. Hill demonstrated some factual and rational understanding of the legal proceedings and his alleged charges. However, his ability to make legal decisions about his case was impaired by psychotic symptoms. It was apparent that his expressed thoughts were illogical and influenced by delusional content. Specifically, he was fixated on his religious-themed beliefs, making it difficult to engage in reciprocal communication and exhibit flexibility in his thinking. Therefore, Mr. Hill's current symptoms would directly interfere with his ability to rationally understand his legal circumstances and assist in his own defense.

*Id*. at 12. Dr. Freeman opined that,

> While the determination of competency is ultimately a decision for the Court, based on the available information, it is my opinion that Mr. Hill is currently suffering from a mental disease rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or properly assist in his defense. Thus, in my opinion, Mr. Hill is not currently competent to proceed.

*Id*.

At the competency hearing, Dr. Freeman's Forensic Psychological Report was admitted into evidence. Mr. Hill's counsel reported that Mr. Hill has not been able to assist in his defense, and counsel expressed his belief that Mr. Hill is not malingering. Based on his personal observations, counsel believes that Mr. Hill suffers from psychosis, schizophrenia, and a delusional disorder. As the Court began its pronouncement, Mr. Hill interrupted, became animated, denied that he was "crazy" and expressed that he was "a five-star general of Christ" and a "head prophet."

Both Mr. Hill's counsel and the Government's counsel stipulate to the contents, findings, and recommendations contained in Dr. Freeman's Forensic Psychological Report. (Dkt. 25.)

## II.  CONCLUSIONS OF LAW

The standard for competence to stand trial is whether the defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and has "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). The relevant factors to be considered in assessing the issue of competency are a defendant's "irrational behavior, his demeanor at trial and any prior medical opinion on competence to stand trial. There must be some manifestation, some conduct, on the defendant's part to trigger a reasonable doubt of his competency." *Matheney v. Anderson*, 60 F. Supp. 2d 846 (N.D. Ind., 1999), aff'd and remanded, 253 F.3d 1025 (7th Cir. 2001).

The fact that a person suffers from a mental illness does not mean that he is incompetent to stand trial. *Drope v. Missouri*, 420 U.S. 162, 171–72, (1975); *Price v. Thurmer*, 637 F.3d 831, 833-34 (7th Cir. 2011). He need only be able to follow the proceedings and provide the information that his lawyer needs in order to conduct an adequate defense, and to participate in

certain critical decisions, such as whether to appeal. *Id*. Effective ability to consult with counsel requires a capacity to work on a cooperative basis with counsel, to communicate relevant information to counsel, to understand counsel's communications, to evaluate counsel's advice, and to make decisions regarding the exercise of legal rights. *Martin v. Estelle*, 546 F.2d 177, 180 (5th Cir. 1977).

The procedure and test for evaluating competency are codified at 18 U.S.C. § 4241. *United States v. Wessel*, 2 F.4th 1043, 1053 (7th Cir. 2021). The testimony of a defendant's counsel may be especially valuable in a competency determination because counsel is the best witness of defendant's ability to consult with a reasonable degree of understanding. *U.S. ex rel. Mireles v. Greer*, 736 F.2d 1160, 1165–66 (7th Cir. 1984). However, the court is entitled to rely more heavily on psychological reports prepared by experts who perform more extensive testing on a defendant and do a more thorough background investigation, *i.e.*, talking with witnesses and lawyers. *People of Territory of Guam v. Taitano*, 849 F.2d 431, 432 (9th Cir. 1988).

On the issue of competency to stand trial, the Government's burden of proof is by a preponderance of the evidence. If the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.

> The Attorney General shall hospitalize the defendant for treatment in a suitable facility—
>
> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
>
> (2) for an additional reasonable period of time until—

>> (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
>
> (B) the pending charges against him are disposed of according to law; whichever is earlier.
>
> If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.

18 U.S.C. §4241 (d)(1) and (2)(A)(B).

### III. ORDER

Based upon the evidence before the Court, in accordance with 18 U.S.C. § 4241(d)(1), the Court finds by a preponderance of the evidence that Mr. Hill is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the proceedings and assist properly in his defense. Accordingly, Mr. Hill is committed to the custody of the U.S. Attorney General or his designee. The U.S. Attorney General or his designee, shall hospitalize Mr. Hill for treatment in a suitable facility for such a reasonable period of time, not to exceed four (4) months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.

The final pretrial conference scheduled for **April 29, 2026** and jury trial scheduled for **May 18, 2026** are necessarily **VACATED.** For tracking purposes, the Court tentatively reschedules the final pretrial conference scheduled for **August 26, 2026, at 11:00 a.m.**, in Courtroom 344, and jury trial scheduled for **September 14, 2026, at 9:00 a.m**. in Courtroom 344, United States Courthouse, Indianapolis, Indiana. Additionally, the Court finds that the ends of justice served by the continuance outweigh the best interests of the public and Defendant to a speedy trial. The time

7

that lapses between the May 18, 2026 trial date and the September 14, 2026 trial date is excludable under 18 U.S.C. § 3161 et seq.

**SO ORDERED:**

Date: 1/14/2026

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Joseph Martin Cleary
INDIANA FEDERAL COMMUNITY DEFENDERS
joe_cleary@fd.org

Nate Walter
DOJ-USAO
nate.walter@usdoj.gov

Electronic Notice to USM-C

8